IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANTHONY D. THOMAS,**<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>**G. LEWIS,**<br><br>　　　　　　　Respondent. | Case No. 1:13-cv-01366 MJS (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 12]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Max Feinstat of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 8, 10.)

I. **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, upon being convicted by a jury on May 7, 2010 of first degree burglary and first degree robbery. (See Lodged Doc. 1.) On June 22, 2010, Petitioner was sentenced pursuant to the three strikes law to an indeterminate state prison term of thirty-five (35) years to life. (Id.)

1

Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District. The court affirmed the judgment of the lower court on October 28, 2011. (Lodged Doc. 2.) Petitioner then filed a petition for review with the Supreme Court of California. The petition was denied on January 11, 2012.  (Lodged Docs. 3-4.)

Petitioner filed the instant federal habeas petition on August 12, 2013.[1] (Pet.) On October 24, 2013, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 12.) Petitioner did not file a response to the motion to dismiss.

## II.   DISCUSSION

### A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed with the court on August 21, 2013, Petitioner signed the petition on August 12, 2013. Accordingly the Court considers the petition to be filed on August 12, 2013.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on August 12, 2013, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-

> conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on January 11, 2012. (Lodged Docs. 3-4.) The state appeal process became final ninety days later, on April 10, 2012, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on April 11, 2012. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from April 11, 2012, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until August 12, 2013, three months after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

## C. **Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

1  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or
2  determined by the federal courts to have been untimely in state court will not satisfy the
3  requirements for statutory tolling. Id.

4     Here, Petitioner did not file any post convictions collateral challenges to his
5  conviction, and so he is not entitled to statutory tolling. The present petition was filed on
6  August 12, 2013, over three months after the expiration of the year statute of limitations
7  period. The instant federal petition is untimely.

8     **D.  Equitable Tolling**

9     The limitations period is subject to equitable tolling if the petitioner demonstrates:
10  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
11  circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010);
12  quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would
13  give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th
14  Cir.1993). Petitioner has not presented any evidence regarding equitable tolling.
15  Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition
16  remains untimely.

17  **III.  CONCLUSION**

18     As explained above, Petitioner failed to file the instant petition for Habeas Corpus
19  within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is neither
20  entitled to the benefit of statutory or equitable tolling. Based on the foregoing, this Court
21  recommends that Respondent's motion to dismiss be GRANTED.

22  **IV.  ORDER**

23     Accordingly, IT IS HEREBY ORDERED that:

24     1.  Respondent's Motion to Dismiss (Doc. 12.) is GRANTED;

25     2.  The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as
26         untimely; and

27     3.  The Court DECLINES to issue a Certificate of Appealability.  28 U.S.C. §
28         2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a

COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Slack</u>, 529 U.S. 484. In the present case, jurists of reason would not find debatable whether the petition was properly dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:    December 3, 2013          /s/ *Michael J. Seng*
                                                       UNITED STATES MAGISTRATE JUDGE